### Primavera v. Jennings.

*Practice—Discharge from arrest—Act of June 1, 1915.*

Under the provisions of the Act of June 1, 1915, P. L. 704, the court is given discretionary power to hold or discharge from arrest a defendant in an action of trespass if satisfied that all the provisions of the act have been complied with by him.

Rule to show cause why defendant should not be discharged from arrest on a *capias ad satisfaciendum sur* judgment on a verdict. C. P. Northampton Co., Feb. T., 1920, Nos. 27 and 28.

*Smith, Paff* and *Laub*, for plaintiff; *Everett Kent*, for defendant.

McKEEN, J.—This is a rule to show cause why the defendant in the above-stated case should not be discharged from arrest on a *capias ad satisfaciendum* issued *sur* judgment on a verdict rendered in favor of the plaintiff and against the defendant in an action of trespass.

The proceeding is brought under the provisions of the Act of June 1, 1915, P. L. 704, entitled "An act providing for the discharge of persons arrested or held on process issued on a judgment obtained in civil actions." In accordance with the provisions of the act, notice was given to plaintiff and the other creditors of defendant. At the hearing in open court, it appeared defendant was the owner of household goods to the value of $50 and was unable to pay the judgment. It further appeared that about April 1, 1919, defendant entered into partnership with Walter Hoffman in a garage business, which was unsuccessful and terminated in September, 1919. The defendant was the

Primavera v. Jennings.

owner of an automobile, which he transferred to his partner subsequent to the verdict rendered in the above-stated case, as a contribution towards his share of the partnership indebtedness. The plaintiff contends that defendant is not entitled to discharge, for the reason that the automobile was transferred with intent to avoid payment of the judgment, which is not sustained by the evidence. The 4th section of the act provides: "Upon the hearing of the rule the petitioner shall be required to answer all questions put to him, and shall produce all books and papers required of him, and if it shall appear to the court that the petitioner is without means or property with which to pay the judgment, and that he has not secreted or assigned any of his property so as to avoid the payment of the judgment, the court may discharge him from arrest. . . ." Under this phraseology the court is given discretionary power to hold or discharge if satisfied that all of the provisions of the act have been complied with on the part of the defendant. While mere compliance with the provisions of the act would not *ipso facto* entitle the defendant to a discharge (De Many v. Wainer, 25 Dist. R. 687), yet, under the circumstances of the present case, we would not feel warranted in requiring the defendant to surrender himself into custody.

And now, Dec. 5, 1921, rule absolute.

From Henry D. Maxwell, Easton, Pa.